# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5060 |
| | : | |
| HORIZON HOUSE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                      **NOVEMBER 4, 2019**

      Plaintiff Leslie Hall brings this civil action pursuant to 42 U.S.C. § 1983 against Horizon House, Dr. P. Pandya, Curtis Frazier, and Debra Oladinni, asserting that the failure to administer medication to her resulted in a "psychotropic meltdown." (ECF No. 2 at 2.)[1] She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Hall leave to proceed *in forma pauperis*, dismiss her Complaint and grant her leave to amend.

## I.     FACTS

      The Complaint suggests that Hall is pursuing claims based on both federal question and diversity of citizenship jurisdiction. (ECF No. 2 at 2, 4.) Hall alleges that between June 20 and June 26, 2019, Defendant Horizon House, located in Philadelphia, Pennsylvania, "failed to administer psychotropic medication to [her] . . . leading to a psychotropic meltdown." (*Id.* at 2-3.) Specifically, Hall avers that Horizon House's Dr. Pandya, who was "unavailable until July 23, 2019", violated her civil rights by failing to refill her medication. (*Id.* at 3.) Hall further asserts that Dr. Pandya's staff members, Curtis Frazier (case manager supervisor) and Debra

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Oladini (case manager), were negligent in honoring her frantic requests for medication refills. (*Id.*)

Hall avers that on her third day without medication, she "began to hear voices and became paranoid and [was] experiencing psychotic flashbacks." (*Id.*) After several attempts to obtain refills of her medication from different providers, she was able to obtain refills from her primary care physician's office "[i]n a last ditch effort." (*Id.*) As relief, Hall asserts that "[d]ue to the harrowing experience of gross negligence exhibited by Horizon House [she] is requesting compensation of five million dollars to remedy [her] suffering and deceitful actions and denying [her] civil rights and enjoyment of life." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Hall leave to proceed *in forma pauperis* because it appears that she is not able to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Hall is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Hall has not stated a basis for a federal claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Hall has not alleged facts to support a plausible conclusion that the named Defendants are state actors. *See Schutt v. Melmark, Inc.*, 186 F. Supp. 3d 366, 376 (E.D. Pa. 2016) (concluding that a residential treatment center was not a state actor despite receipt of state funding); *see also Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (rejecting argument that nursing homes were state actors in light of "state subsidization of the operating and capital costs of the facilities, payment of the medical expenses of more than 90% of the patients in the facilities, and the licensing of the facilities by the State"); *Klavan v. Crozer–Chester Med. Ctr.*, 60 F.Supp.2d 436, 443 (E.D. Pa. 1999) ("[D]efendants' receipt of government funding, even if combined with [extensive

3

regulation], does not render defendants state actors, regardless of which test we employ."). Therefore, the named Defendants are not subject to suit under § 1983. As there is no other plausible basis for a federal claim against the Defendants, these claims will be dismissed without prejudice and with leave to amend.

Hall may also be raising state law tort claims, such as medical malpractice or possibly negligence, against the named Defendants. Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d

4

at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Although Hall has alleged her state of citizenship as "American," it appears that she is likely a citizen of Pennsylvania as she has listed her mailing address as Philadelphia. (ECF No. 2 at 1-2, 7.) Moreover, even though Hall has listed the state of citizenship of the named Defendants as "Indian and American," the Court notes that she lists the address of Horizon House as being located in Philadelphia, Pennsylvania. (*Id.* at 1-2.) Although it appears to the Court that complete diversity of citizenship is lacking, these allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity. Hall has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising, and the Court will dismiss her Complaint on that basis. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3).

## IV. CONCLUSION

As explained above, the Court will dismiss Hall's federal claims for failure to state a claim and her state law claims for lack of subject matter jurisdiction. The dismissal is without prejudice to Hall filing an amended complaint in this case in the event she can allege facts that would demonstrate a basis for liability under §1983 or that this Court has diversity jurisdiction over the state-law claims. In the alternative, the dismissal is without prejudice to Plaintiff's ability to file a complaint in the appropriate state court. An Order will be entered.

        **BY THE COURT:**

        **/s/ Cynthia M. Rufe**

        **CYNTHIA M. RUFE, J.**